UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MULBERRY HOMES VI, LLC,

                        Plaintiff,                            **MEMORANDUM AND ORDER**
                                                                                   **15-cv-1913 (DRH) (GRB)**

        -against-

CONSTANCE GARGIULO, THE UNITED
STATES OF AMERICA DEPARTMENT OF
TREASURY INTERNAL REVENUE SERVICE,
LONG ISLAND LIGHTING COMPANY D/B/A
LIPA, KEYSPAN GAS EAST CORPORATION
D/B/A KEYSPAN ENERGY DELIVERY L.I.,
LARRY JACOBSON, AS CHAIRMAN OF THE
JOINT INDUSTRY BOARD OF THE
ELECTRICAL INDUSTRY, EDWARD COREA,
LVNV FUNDING, LLC, CITIBANK (SOUTH
DAKOTA) N.A., NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
PEOPLE OF THE STATE OF NEW YORK BY
INC. VILLAGE OF GARDEN CITY JUSTICE
COURT, and JOHN DOE "1" through "12" said
Names being fictitious, parties intended being
Possible tenants or occupants of premises, and
Corporations, other entities or persons who claim,
Or may claim, a lien against the premises,

                                   Defendants.

----------------------------------------------------------------X

**Hurley, Senior District Judge:**

      Mulberry Homes VI, LLC commenced this action against Constance Gargiulo, the

United States of America Department of the Treasury Internal Revenue Service, Long Island

Lighting Company d/b/a/ LIPA, Keyspan Gas East Corporation d/b/a Keyspan Energy Delivery

L.I., Larry Jacobson, as chairman of the Joint Industry Board of the Electrical Industry, Edward

Corea, LVNV Funding, LLC, Citibank (South Dakota) N.A., New York State Department of

Taxation and Finance, People of the State of New York by Inc. Village of Garden City Justice

Court, and John Doe "1" through "12" (collectively, "defendants"), seeking under Article 13 of the New York State Real Property Actions and Proceedings Law to foreclose on a mortgage encumbering a property located at 70 McKinley Avenue, Franklin Square, New York (the "Property"). On October 1, 2015, this Court referred to Magistrate Judge Gary R. Brown the plaintiff's motion for default judgment. On August 12, 2016, Judge Brown issued a Report and Recommendation ("R & R"), which was "withdraw[n]" by an amended R & R issued on September 1, 2016 ("Amended R & R). (Amended R & R at 1.) The Amended R & R recommends "that the motion be denied and the complaint dismissed without prejudice, and plaintiff be given leave to amend the complaint to cure the jurisdictional deficiencies." (*Id*. at 1-2.) Presently before the Court are plaintiff's objections to the Amended R & R. For the reasons set forth below, the matter is referred back to Judge Brown to consider evidence newly submitted with plaintiff's objections.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history as set forth in Judge Brown's Amended R & R.

## DISCUSSION

### I. *Legal Standard*

Federal Rule of Civil Procedure 72(b)(3) provides that a "district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. "The *de novo* review requires the district court neither to 'rehear the contested testimony' nor to 'conduct a new hearing on contested issues.' " *Gutman v. Klein,* 2010 WL 4916722, at *1

(E.D.N.Y. Nov. 24, 2010) (quoting *United States v. Raddatz,* 447 U.S. 667, 674–75 (1980)). Moreover, even on a *de novo* review, a district court will generally "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo,* 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting *Haynes v. Quality Markets,* 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)) (internal quotation marks and alteration omitted).

## II.   *Judge Brown's Analysis*

Judge Brown noted that plaintiff sought "to invoke this Court's jurisdiction by reason of diversity of citizenship," but alleged only the following with regard to plaintiff's citizenship:

> Plaintiff Mulberry, is a Florida Limited Liability Company and is a citizen of the state of Florida where it maintains its principle [sic] place of business at 175 SW 7th Street, Suite 2410, Miami, Florida 33730.

(Amended R & R at 2.)  In keeping with the Court's independent obligation to ensure that subject matter jurisdiction exists, he determined that the Complaint did not set forth sufficient facts to support diversity of citizenship.  Particularly, he observed that the Complaint failed to set forth the citizenship of each member of the limited liability plaintiff and that it also failed to set forth the citizenship of the members of defendant LVNV Funding, LLC, even though for purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).  Since plaintiff "failed to properly allege facts supporting the Court's diversity jurisdiction," Judge Brown recommended that the motion for default judgment be denied. (Amended R & R at 4.)  In addition, Judge Brown recommended that plaintiff "be given leave to amend the complaint to cure the jurisdictional deficiencies." (*Id*. at 5.)

## III.   *Plaintiff's Objections*

Plaintiff withdraws its request for a default judgment against LVNV Funding, LLC. Moreover, although plaintiff admits that information pertaining to the citizenship of the plaintiff's members "could have been fleshed-out more precisely in the complaint," it submits that it can prove with documentary evidence that Mulberry's sole member, Simy Assayag, is a citizen of Morocco. (Decl. in Opp'n ¶¶ 4-5.) Plaintiff submits Assayag's driver's license as evidence of her Moroccan citizenship and an operating agreement purporting to show that Assayag is the sole member of Mulberry. Based on these documents, plaintiff submits that it "has established that the parties are completely diverse and this Court has subject matter jurisdiction." (*Id*. ¶ 6.)

Moreover, plaintiff argues that it would suffer prejudice if it were forced to amend the complaint. Specifically, plaintiff contends that "[i]f Plaintiff is required to start over by amending the complaint and re-serving 11 defendants, substantial fees and interest will be added to the amount already owed on this Property." (*Id*. ¶ 9.) Additionally, plaintiff is concerned that amending the complaint would cause unnecessary delay. (*Id*. ¶ 13.)

The Court agrees with Judge Brown's conclusion that the Complaint did not sufficiently allege diversity of citizenship. However, given that plaintiff has submitted new evidence purporting to establish diversity of citizenship, the case is referred back to Judge Brown to consider this new evidence and issue a report and recommendation as to whether it establishes subject matter jurisdiction. Should Judge Brown find that it does, he should also consider as part of his report and recommendation whether the motion for default judgment should be granted on its merits.

## Conclusion

For the foregoing reasons, the matter is referred back to Magistrate Judge Brown.

**SO ORDERED.**

Dated: Central Islip, New York
      September 28, 2016

_____/s/_____
Denis R. Hurley
United States District Judge